IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LAKISHA BROOKS,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. _____ |
| **HOME DEPOT U.S.A., INC.,** | § § § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Home Depot U.S.A., Inc. ("Home Depot") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof states as follows:

### COMMENCEMENT, SERVICE, AND CONSENT

1. On October 20, 2020, Plaintiff Lakisha Brooks ("Plaintiff") commenced this action by filing her Original Petition in the 133rd Judicial District Court of Harris County, Texas. The case is styled Cause No. 202067336, *Lakisha Brooks v. Home Depot U.S.A., Inc.*, in the 133rd Judicial District Court of Harris County, Texas.

2. Plaintiff served Home Depot on October 27, 2020.  Home Depot timely filed its answer in state court on November 13, 2020.

3. This Notice of Removal is filed less than one year from commencement of this action and within thirty days after Home Depot's receipt through service and otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based and is thus timely under 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

4. Home Depot is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this is a civil action involving an amount in controversy exceeding $75,000, exclusive of interest and costs, between parties with diverse citizenship.

### A.  *Diversity of Citizenship*

5. There is complete diversity of citizenship between Plaintiff and Home Depot.

6. Plaintiff is a citizen of Texas.[1]

7. Home Depot is a Delaware corporation with its principal place of business in Georgia.[2]

### B.  *Amount in Controversy*

8. In assessing whether the amount in controversy jurisdictional requirement has been met, the Court should consider Plaintiff's pleadings, the notice of removal, and apply "common sense."[3] This is a personal injury case where Plaintiff claims she suffered severe and extensive injuries due to an alleged injury that occurred while Plaintiff was working in the normal course and scope of her duty at Home Depot. Plaintiff's Original Petition states that she seeks monetary relief over $200,000 but no more than $1,000,000.[4] Plaintiff requests damages including, but not limited to, her past and future medical expenses, past and future lost wages and loss of earning capacity, past and future physical pain and mental anguish, past and future disfigurement, past and future physical impairment, disability, limitation of activities and loss of enjoyment of life,

---

[1] *Plaintiff's Original Petition* at ¶ 4.
[2] *See Story v. Home Depot, U.S.A., Inc.*, No. 4:05-CV-054-A, 2005 U.S. Dist. LEXIS 10306, at *1-2 (N.D. Tex. May 7, 2005) ("Home Depot [is] a Delaware corporation having its principal place of business in Georgia.").
[3] *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163, n.6 (5th Cir. 1992).
[4] *Plaintiff's Original Petition* at ¶ 3.

exemplary damages interest and costs.[5] Hence, an independent analysis of Plaintiff's Original Petition reveals that there is clearly more than $75,000 in controversy.[6]

## VENUE

8.  Venue lies in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the action in a state court that is within this judicial district and division.

## NOTICE

9.  Home Depot will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Home Depot will also file with the clerk of the state court and will serve upon Plaintiff's counsel a notice of the filing of this Notice of Removal.

## JURY DEMAND

10. Plaintiff did not request a jury in her Original Petition.

## EXHIBITS TO NOTICE OF REMOVAL

11. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, attached to this Notice is an index of all matters being filed with this Notice, which includes the following documents:

    A.  Plaintiff's Original Petition and Request for Disclosure– ***Exhibit A***

    B.  Return of Service – ***Exhibit B***

    C.  Defendant Home Depot U.S.A., Inc.'s Original Answer and Affirmative Defenses – ***Exhibit C***

    D.  Docket Sheet – ***Exhibit D***

    E.  Counsel of Record – ***Exhibit E***

---

[5] *Plaintiff's Original Petition* at ¶ 13 and Prayer.
[6] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412–13 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 ("In [Texas], a plaintiff, in a case for unliquidated damages, cannot, absent a further showing, avoid removal . . . where defendants are able to show that it is facially apparent that the amount in controversy exceeds [$75,000]."); *see also e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002).

## **PRAYER**

WHEREFORE, Defendant Home Depot U.S.A., Inc., pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 133rd Judicial District Court of Harris County, Texas to this Court.

Respectfully submitted,

By: */s/ Jason R. Bernhardt*
Jason R. Bernhardt
State Bar No. 24045488
Southern Dist. No. 566787
jbernhardt@winstead.com
Katie M. Banks
State Bar No. 24092114
Southern Dist. No. 2516169
kbanks@winstead.com
**WINSTEAD PC**
600 Travis, Suite 5200
Houston, Texas 77002
(713) 650-8400
(713) 650-2400 (Fax)

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 20, 2020, a true and correct copy of the foregoing was electronically served on:

Clement Wehner
State Bar No. 24106560
Cristobal M. Galindo
State Bar No. 24026128
4151 Southwest Freeway Suite 602
Houston, TX 77027
713-228-3030
713-228-3003
service@galindolaw.com

**ATTORNEYS FOR PLAINTIFF**

              */s/Jason R. Bernhardt*
              Jason R. Bernhardt