UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAKISHA BROOKS | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-03960 |
| | § | |
| HOME DEPOT U.S.A., INC | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Lakisha Brooks complains of Defendant Home Depot U.S.A., Inc. and would respectfully show this Court the following:

### Parties

1.      Plaintiff, Lakisha Brooks, is an individual and a resident of Harris County, Texas.

2.      Defendant Home Depot, Inc. is a corporation chartered under the laws of the state of Delaware with its principal place of business in Atlanta, Georgia.

### Subject-Matter Jurisdiction

3.      This Court has jurisdiction over the subject matter of this dispute because the matter in controversy exceeds $75,000 and is between citizens of different states.

### Venue

4.      Venue is appropriate in this district and division because a substantial

part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Facts

5.      On April 7, 2020, Defendant employed Plaintiff to work at its store #6828, which is located at 4159 FM 1960 West Houston, Texas 77068.

6.      Shortly before April 7, 2020, Defendant gave Plaintiff a new job assignment, specifically, to stock shelves in the store's "garden center."

7.      Many of the items that Defendant sells in the "garden center" are quite heavy, including the clay flower pots, some of which weighed as much as 100 pounds.

8.      The clay flower pots arrived at Defendant's store in crates and were offloaded at the store's loading dock.

9.      Defendant's co-workers were responsible for placing the crates containing the clay flower pots onto pallets and moving them to the "garden center."

10.      Defendant's co-workers improperly loaded the crates on the pallet such that they were unstable when Plaintiff attempted to open them.

11.      When Plaintiff attempted was opening a pallet of clay pots, the bottom snapped out, causing the pots to fall onto Plaintiff.

12..      Plaintiff sustained serious and permanent injuries as a result of the clay pots falling on her.

13.      Plaintiff was working for Defendant in the course and scope of her employment when the incident described in paragraph 13 occurred.

14.      On April 7, 2020, Defendant did not have a workers'-compensation

insurance policy in effect that would provide benefits to Plaintiff.

15.     Plaintiff was not intoxicated at the time of the incident described in paragraph 12.

### Cause of Action: Employer Negligence

16.     Under Texas law, employers owe their employers certain absolute, continuous, and non-delegable duties, including:

        a.     The duty to provide rules and regulations for the safety of employees, and to warn them, under certain conditions, as to the hazards of their positions or employment;

        b.     The duty to furnish reasonably safe instrumentalities with which its servants are to work;

        c.     The duty to furnish its servants with a reasonably safe place to work;

        d.     The duty to exercise ordinary care to select careful and competent fellow servants or co-employees.

17.     It is customary in Defendant's industry for employers to provide their employees with safety equipment to ensure that they are not injured when handling, lifting, and moving heavy objects.

18.     Defendant did not provide Plaintiff with any safety equipment that would prevent her from being injured if heavy objects were to fall on her.

19.     An employer using ordinary care would have foreseen that the injuries that Plaintiff suffered, or some similar injury, might reasonably result from failing to

provide safety equipment to employees moving heavy objects.

20.     Defendant's failure to provide Plaintiff with proper safety equipment was a substantial factor in causing her injuries because, had she been provided with such equipment, her injuries either would not have occurred or would have been far less serious.

21.     It is customary in Defendant's industry for employers to train their employees how to safely handle, lift, and move heavy objects

22.     Defendant never provided Plaintiff with any training on how to open the crates to safely remove the clay flower pots for stocking.

23.     An employer using ordinary care would have foreseen that the injuries that Plaintiff suffered, or some similar injury, might reasonably result from failing to provide training on how to open crates to safely remove heavy objects.

24.     Defendant's failure to provide Plaintiff with proper training was a substantial factor in causing her injuries because, had she been provided with such training, her injuries either would not have occurred or would have been far less serious.

25.     It is customary in Defendant's industry for employers to train their employees how to properly load heavy items that are stored in crates onto pallets.

26.     Defendant did not train to train Plaintiff's co-employees how to properly load heavy items that are stored in crates onto pallets.

27.     An employer using ordinary care would have foreseen that the injuries that Plaintiff suffered, or some similar injury, might reasonably result from failing to

provide its employees with training on how to properly load heavy items that are stored in crates onto pallets.

28.    Defendant's failure to provide Plaintiff with proper training was a substantial factor in causing her injuries because, had he co-employees been provided with such training, Plaintiff's injuries either would not have occurred or would have been far less serious.

29.    It is customary in Defendant's industry to train its employees to warn their co-employees of dangers of which they are aware, but of which other co-employees are not aware.

30.    None of Defendant's employees warned Plaintiff that the pallets were improperly loaded on the crate.

31.    None of Defendant's employeees warned Plaintiff that the bottoms of the crates were vulnerable and prone to breaking.

32.    Plaintiff was not aware that that the pallets were improperly loaded on the crate.

33.    Plaintiff was not aware that the bottoms of the crates were vulnerable and prone to breaking.

34.    An employer using ordinary care would have foreseen that the injuries that Plaintiff suffered, or some similar injury, might reasonably result from failing to warn its employees of unknown dangers.

35.    Defendant's failure to warn Plaintiff was a substantial factor in causing her injuries because, had she been provided with such warnings, her injuries either

would not have occurred or would have been far less serious.

## Damages

36.     As a result of its breach of the absolute, continuous, and non-delegable duties that Defendant owed to Plaintiff, Plaintiff has suffered:

       a.    Past and future physical pain and mental anguish;

       b.    Past and future disfigurement;

       c.    Past and future physical impairment, disability, limitation of activities and loss of enjoyment of life;

       d.    Past and future medical expenses; and

       e.    Past and future lost wages and loss of earning capacity.

## Prayer

Plaintiff prays that upon final hearing, this Court issue a judgment against Defendant for the damages it caused, pre- and post-judgment interest, all costs of Court, and all other relief to which she may show herself to be justly entitled.

Respectfully submitted,

CRISTÓBAL M. GALINDO, P.C.

*/s/ Cristóbal M. Galindo*
Cristóbal M. Galindo
Federal ID No. 25652
State Bar No. 24026128
4151 Southwest Freeway, Suite 602
Houston, Texas 77027
Telephone (713) 228-3030
Facsimile (713) 228-3003
service@galindolaw.com

/s/ Matthew J. Kita
Mathew J. Kita
Federal ID No. 636932
State Bar No. 24050883
3110 Webb Avenue, Suite 150
Dallas, Texas 75205
Telephone (214) 699-1863
matt@mattkita.com

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record on this the 15th day of March 2021, in accordance with the Federal Rules of Civil Procedure.

Via Electronic Service
Jason R. Bernhardt
Katie Banks
WINSTEAD P.C.
600 Travis, Suite 5200
Houston, Texas 77002

*/s/ Cristóbal M. Galindo*
Cristóbal M. Galindo