United States District Court
Southern District of Texas
**ENTERED**
January 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAKISHA BROOKS, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H- 20-3960 |
| § | |
| HOME DEPOT U.S.A., INC., § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for leave to file an amended scheduling order filed by plaintiff Lakisha Brooks. Dkt. 25. After considering the motion, response, and applicable law, the court is of the opinion that the motion should be GRANTED IN PART AND DENIED IN PART.

### I. BACKGROUND

Brooks filed her original petition asserting negligence and premises liability claims against defendant Home Depot U.S.A., Inc. ("Home Depot") in state court on October 20, 2020. Dkt. 1 & Ex. A. She served Home Depot a week later, and Home Depot timely filed an answer. Dkt. 1. Home Depot removed the case to this court on November 20, 2020. *Id.* The court entered a scheduling order on March 15, 2021. Dkt. 10. This scheduling order required the plaintiff to file her expert reports by May 12, 2021, the defendant to file its expert reports by June 14, 2021, and discovery to be concluded by July 12, 2021. *Id.*

The plaintiff filed an amended complaint on March 15, 2021, in which she alleges employer negligence, and Home Depot timely filed an answer. Dkts. 11, 15. In her amended complaint, Brooks claims that she worked in the garden center of a Home Depot store and was

asked to stock shelves. Dkt. 11. She contends that her co-workers improperly loaded crates of flower pots on a pallet and when she tried to open a pallet of clay pots, the bottom snapped and the very heavy pots fell onto her. *Id.* Brooks contends this caused serious and permanent injuries, and Home Depot did not have a workers' compensation policy. *Id.*

On May 12, 2021, Brooks filed a notice with the court that she had filed her expert disclosures as required by the scheduling order. Dkt. 16. As far as retained experts, she designated Russ Elveston as an OSHA/workplace safety engineering expert, Dr. Shelly N. Savant as her life care plan expert who would also testify about causation and Brooks's current medical condition, and Dr. Kenneth Lehrer as an economics expert to testify about Brooks's economic damages. *Id.*

On May 17, 2021, Brooks filed an unopposed motion for leave to file an amended scheduling order. Dkt. 17. The motion indicated that delays associated with the Covid-19 pandemic necessitated more time for the parties to complete depositions and produce expert reports and that expert discovery would require more time than the scheduling order allowed due to the alleged injuries in this case. *Id.* She sought ninety additional days to complete discovery. *Id.*

The court granted the motion to amend the scheduling order and entered an amended scheduling order. Dkt. 18. Under this amended scheduling order, Brooks's expert reports were due August 10, 2021, which was an almost three-month extension. *Id.* The defendant's expert reports were due September 13, 2021, discovery was due by November 15, 2021, and dispositive motions were due by January 10, 2022. *Id.* The joint pretrial order is currently due on February 14, 2022, and docket call is set for February 22, 2022. *Id.*

The parties tentatively agreed to a protective order on July 15, 2021, but Home Depot advised Brooks that it had to obtain corporate approval before the protective order could be finalized and it could not produce certain documents without the protective order. Dkt. 25. The

parties did not file their agreed protective order until September 22, 2021, which is after the deadlines for expert reports had passed. Dkt. 23. The court entered the proposed protective order the next day. Dkt. 24.

Around the same time that the protective order was entered, which was about a month after the plaintiff's expert report deadline and a few days after the defendant's, Brooks's counsel contacted Home Depot's counsel about "still need[ing] depo[sition] dates for [Home Depot's] Corporate Rep., Kerlanders Watson, and Usama Ahmed." Dkt. 26, Ex. B. This was less than two months before the discovery deadline. Home Depot's counsel responded that she would "get [Brooks's counsel] those [dates]" but that she needed a list of topics for the corporate representative. *Id.* Brooks's counsel responded that Home Depot's discovery responses included many objections and that he needed to know when she was available to confer so that he would not have to file a motion to compel.[1] *Id.* He did not provide a list of topics for the corporate representative, at least in the email string in the record, and there is no indication that Home Depot's counsel provided dates for the other two depositions at that time. *Id.*

Brooks asserts that, notwithstanding the protective order that was entered in September, Home Depot did not produce any of the relevant training materials and videos Brooks's experts needed until November 15, 2021. Additionally, Brooks contends that Home Depot only produced one of the three requested employees for deposition, and it did that on November 17, 2021, which was after the discovery deadline. Dkt. 25. The transcript was not available until December 10. *Id.* Home Depot contends that it never received the list of topics for the corporate representative deposition. Dkt. 26.

---

[1] The court notes that it does not accept motions to compel until the parties have complied with the pre-motion procedure for discovery disputes outlined in the court's procedures.

3

Brooks states that counsel for both parties corresponded from December 13 through 15, 2021, which is after the discovery deadline but before the dispositive motion deadline, about amending the scheduling order. Dkt. 25. She contends that she was "shocked to learn on December 10, 2021that defendant Home Depot was actually taking the position that discovery had ended and it would exclude Plaintiff's experts from testifying." *Id.* She contends that her delays in preparing the case were caused by (1) Home Depot's delays in producing documents that her experts needed to review; (2) Home Depot's delay in presenting its witnesses for depositions; (3) Brooks's ongoing medical treatment; (4) the COVID-19 pandemic. *Id.*

Home Depot argues that Brooks is attempting to blame Home Depot for her own failures, yet she has not explained how Home Depot's alleged failures to provide certain discovery prevented her from meeting the deadlines in the current scheduling order. Dkt. 26. It points out that the discovery Brooks was requesting was related to liability, and not having that discovery should not have impeded her from producing evidence related to her economic damages or medical condition. *Id.* It also states that Brooks "failed to follow up or even request certain discovery until after the expert designation deadline had already passed and at a time when discovery was less than one month from closing." *Id.* It asserts it would be substantially prejudiced if the court granted Brooks's motion and allowed her to "wholesale reopen her case this late in the litigation." *Id.*

## II. Legal Standard

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico*

*Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)). To determine if there is good cause, the court must consider:

> "(1) the explanation for the failure to timely [comply with the scheduling order];
> (2) the importance of the [modification];
> (3) potential prejudice in allowing the [modification]; and
> (4) the availability of a continuance to cure such prejudice."

*Id.* (quoting *Meux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)).

### III. ANALYSIS

The court is tasked with determining whether Brooks has met her burden of demonstrating that deadlines could not be met despite her diligence.

**A.    Explanation for Failure to Timely Comply**

Brooks's explanations for failing to timely complete discovery include: (1) Home Depot's delays in providing documents related to liability, which it did not produce until the day discovery closed even though the documents were requested months earlier; (2) Home Depot's failure to produce two of the three employees she wanted to depose; (3) the fact that Brooks was undergoing medical care; and (4) Covid-19. Dkt. 25.

The court will first address the expert reports. The court agrees that Brooks has provided a reasonable excuse for the delay in providing the report of her workplace safety/engineering expert, as this expert likely needed the documents that Home Depot failed to produce until almost two months after the protective order was entered.[2] However, as Home Depot points out, these documents related to liability; they had nothing to do with the plaintiff's damages. *See* Dkt. 26.

---

[2] Of course, while the court understands Brooks may have believed Home Depot would be willing to reach an agreement about extending the expert report since it delayed the document production, the best practice would be to communicate with opposing counsel and seek a continuance prior to the expiration of deadlines.

Brooks does not explain how these documents caused such a substantial delay in providing reports of experts opining about her medical and economic damages.

With regard to the depositions, Brooks contends that Home Depot did not produce two of the three Home Depot employees she wanted to depose including a corporate representative. Dkt. 25. Home Depot asserts that Brooks never gave it a list of topics for the corporate representative deposition. Dkt. 26. Under Federal Rule of Civil Procedure 30(b)(6), the party serving a notice of deposition or subpoena for the deposition of a corporate representative "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Since Brooks failed to provide Home Depot with the topics, she cannot now pass the blame to Home Depot for failing to designate a representative. However, this does not explain why Home Depot did not present the other employee that it failed to produce during the discovery period.

Brooks also contends that she could not provide expert reports because she was still undergoing medical treatment. Specifically, she states, "Plaintiff had undergone medical treatment and it would take several months to determine whether the effects of the treatment would provide longer term benefits." Dkt. 25. She asserts that the treating doctors thus did not have sufficient information to determine future medical care and treatment by the initial discovery deadline. *Id.* However, she has not provided any explanation as to why she waited more than four months after her expert report deadline to request an extension for these medical expert reports and also has provided no evidence that her counsel timely advised opposing counsel about these issues. If Brooks could not produce her medical expert reports by the August 2021 deadline due to ongoing medical care, she should have corresponded with opposing counsel at that time and filed her

motion for an extension—with supporting evidence—if opposing counsel would not agree to an extension.[3]

Finally, Brooks rather conclusorily contends that delays associated with Covid-19 have caused need for an extension. Dkt. 25. This pandemic has been impacting litigation for almost two years now. If Brooks was having difficulty getting information because of Covid-19 after the first discovery extension, it was not a surprise and should have been raised sooner. If there were *specific* delays due to a person involved in the litigation not being able to work because of Covid-19 for an extended period or Brooks not being able to obtain necessary documents or treatments, Brooks has not provided the court with that information and thus not met her burden of establishing a persuasive explanation for this significant delay. Merely saying Covid-19 caused delays without further information is insufficient at this stage of the pandemic.

Because Brooks has not provided a persuasive reason for her delay in providing the reports of the medical doctors, economists, and life care planner, who she has not shown needed to review documents related to liability to report on Brooks's medical condition, any long-term care she needs, and economic loss associated with her alleged injuries, this factor weighs against Brooks with regard to a modification in the scheduling order to provide these specific reports. Brooks also has not provided a persuasive explanation for failing to timely depose a corporate representative, as Home Depot asked for topics and, at least according to the record before the court, Brooks never provided them. However, Brooks has provided a reasonable explanation as to why she did not provide the report of her workplace safety/engineering expert and why she did not depose the other

---

[3] Brooks has not argued that the delayed depositions of the Home Depot corporate representative or the other two employees, who she seems to have asked Home Depot's counsel about over a month after her expert report deadline, impacted the medical or economic damages expert reports.

remaining Home Depot employee she requested to depose, so this factor weighs in her favor with regard to these specific requests.

**B.     Importance of the Modification**

Neither party disputes that Brooks needs to be able to file expert reports and complete discovery to fully present her case. This factor therefore weighs in favor of allowing the modification of the scheduling order.

**C.     Potential Prejudice and the Availability of a Continuance**

Discovery has already concluded and the dispositive motion deadline has passed. All that's left are pretrial filings and the trial. Thus, completely reopening discovery would be prejudicial to Home Depot and would normally also cause a delay in moving this case through the court's docket. However, in this instance the court is already experiencing a slight backlog because of the well-documented inability to hold jury trials for several months in 2020–2021. Thus, the court does not have a trial date available in the immediate future anyway. Consequently, a short delay to complete discovery that could not be completed will not be a problem for the court. Thus, the potential prejudice prong weighs against granting the motion, but, even though the original docket call date is near, the availability of a continuance prong does not weigh against the plaintiff due to the unique circumstances the court is now facing.

Taken together, the court finds that there is good cause for a *short* continuance in order to allow the deposition of the remaining Home Depot employee who is not the corporate representative and for the plaintiff to provide the expert report of her workplace/safety engineering expert now that Home Depot has produced the requested documents and videos.

## IV. CONCLUSION

Brooks's motion to modify the scheduling order is GRANTED IN PART AND DENIED IN PART. Discovery is *not* reopened entirely, but Home Depot shall present the Home Depot employee that Brooks sought to depose for deposition within fifteen days of the date of this order; this employee is not the corporate representative, who Brooks may not depose because she did not properly request a Rule 30(b)(6) witness by providing the topics within the discovery period. Brooks may file her engineering expert report, but she shall do so within thirty days of the date of this order. No dispositive motions will be entertained because that deadline has passed. The joint pretrial order is now due March 14, 2022, and docket call is set for March 25, 2022.

Signed at Houston, Texas on January 21, 2022.

_____
Gray H. Miller
Senior United States District Judge